UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JIMMY WOODROW MAGEE
VERSUS
WARDEN KENT, et al

19-9487
SECT. M MAG. 2

FILED: _____   CLERK: _____

## PETITION FOR ENFORCEMENT ORDER

MAY IT PLEASE THIS HONORABLE DISTRICT COURT:

NOW COMES JIMMY WOODROW MAGEE # 506356, pro se, in forma pauperis who respectfully files this Petition For Enforcement Order to have the Administration of Dixon Correctional Institute copy the original petition and exhibits. Through Haines v Kerner, 404 U.S. 519 (1972), the United States Supreme Court holds allegations of a pro se complaint to less stringent standards than formal pleadings drafted by lawyers. This petition ensues inter-alia:

### ARGUMENT

Petitioner asserts that the authorities at Dixon Correctional Institute are producing a difficult situation for him violating the due process, equal protection rights, and access to courts violating federal constitutional amendments. March 20, 2019, Petitioner was called to Classification Officer Cavalier's office at Unit 1. This was the second time Petitioner discussed having the original petition, the writs and denials from the lower courts, and the exhibits copied establishing the many constitutional violations that took place from the questioning until the conviction and sentencing. The results were the same as the first time.

Classification Officer Donald Cavalier and Petitioner were discussing having the petition and exhibits (745 pages) copied to file a USC 28 § 2254 to this Honorable Court. Classification Officer Donald Cavalier stated to Petitioner as

as they were discussing having the copies made, "Warden Dustin Bickham and Ivy Miller said that you would have to have a court order to have the copies made." Classification Officer Donald Cavalier stated, "With you making that many copies, the copying machine will get torn up."

Warden Booty, Administrator of Security, spoke to Petitioner March 21, 2019. He stated, "I probably could not get the copies made, but he would speak to the advisors about it."

This is a violation of Article I § 2 and § 22 of the LA Constitution of 1974, and the 14th Amendment of the United States Constitution. While the Authorities of Dixon Correctional Institute are not copying the original petition and exhibits showing the constitutional violations during the whole case, violates Petitioner's due process and equal protection rights with his proper access to courts denied.

The equal protection clause extends to prison inmates being essentially a direction that all persons similarly situated should be treated alike. Other inmates at Dixon Correctional Institute have "all" of their legal writs along with exhibits copied with no problems. Petitioner causes no problems at this institution. What is the true purpose of the authorities at Dixon Correctional Institute "not copying" Petitioner's legal work denying him due process rights, equal protection rights, and access to courts? Petitioner is doing his best to stay cool and calm through this unnecessary situation. Prison walls do not form a barrier separating inmates from the protections of the constitutions. Thus, when a prison regulation or practice offends a constitutional guarantee, Federal Courts will discharge their duty to protect the prisoner's constitutional rights.

Petitioner asserts that he has well shown that his due process, equal protection rights, and access to courts are well being denied by the authority at Dixon Correctional Institute not copying his legal work properly at the time he confronted them with it. Petitioner submitted a letter March 19, 2019, to the Clerk of this Honorable Court when the authorities of Dixon Correctional Institute first started this situation of not properly copying the original petition and exhibits at the proper time explaining to Petitioner that he would have to have a court order to have the original petition and exhibits copied violating his due process, equal protection rights, and access to courts.

These are violations of the LA Constitution of 1974, and the United States Constitution. Petitioner asserts that trust here with the authorities at Dixon Correctional Institute does not go far. Petitioner requests that when he gets this Order from this Honorable District Court that he is present while the copies are made.

Whereas, Petitioner has well shown that the authorities at Dixon Correctional Institute are truly violating his due process, equal protection rights, and access to courts producing an effect without proper respect to the LA Constitution of 1974, and the United States Constitution by having to contain a court order to have copies of the original petition and exhibits made. Petitioner asserts this Honorable District Court Order that he is present while the copies are made.

In advance, Petitioner would like to thank this Honorable District Court for it's time, assistance, and consideration involved in this very important matter.

Respectfully submitted,

*Jimmy W. Magee*

JIMMY W. MAGEE #506356
DIXON CORRECTIONAL INSTITUTE
UNIT 2 DORM 1
P.O. BOX 788
JACKSON, LA 70748-0788

MAILED THIS 25th day of March, 2019.

CLERK, U.S. District Court    APRIL 11, 2019
500 PAYDRAS STREET
Room C-151
NEW ORLEANS, LA 70130

RE: PETITION UNDER 28 USC § 2254 FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY, JIMMY WOODROW MAGEE V WARDEN KENT, et al.

Dear Clerk,

I, JIMMY W. MAGEE # 506356, am in need of your understanding and assistance in this very important matter. The main reason this Honorable District Court does not show that there is not any pending case in this Honorable Court is because through the letter I received from the Clerk, Middle District; it is stated that this action has been transferred to the United States Eastern District of Louisiana. (Letter submitted)

I was told by Inmate Counsel at Dixon Correctional Institute that the Middle District was where I filed a 28 USC § 2254 at, so I corresponded with that Honorable Court since I sent the form explaining that I would the petition with exhibits as soon as I had it prepared with a copy for the District Attorney, 22nd JUDICIAL DISTRICT COURT, PARISH OF WASHINGTON. At no time did the Middle District allow me the knowledge of being in the improper court. After filing the letter and Petition for Enforcement Order because the authorities at Dixon Correctional Institute "will not" copy my petition and exhibits because I am indigent. There can be no equal justice where the kind of treatment a person gets depends on the amount of money they have. Other indigent inmates at this institution have no problem having their legal work copied. I expect the same treatment even though I am indigent.

I request that you file the petition for Enforcement Order along with the form for Petition Under 28 USC § 2254, so I may obtain an Order

TENDERED FOR FILING
APR 15 2019
U.S DISTRICT COURT
Eastern District of Louisiana

from this Honorable Court to have my petition and exhibits copied with my presence as it is copied.

In advance, I would like to thank you for your time, understanding, and assistance involved in this very important matter.

Respectfully submitted,

*Jimmy Woodrow Magee*
JIMMY W. MAGEE # 506356
DIXON CORRECTIONAL INSTITUTE
UNIT 2 DORM 1
P.O. BOX 788
JACKSON, LA 70748-0788

ENCLOSED:
FORM: PETITION UNDER 28 USC § 2254
LETTER: MIDDLE DISTRICT OF LOUISIANA, CLERK
In forma pauperis
An informa pauperis was submitted to this Honorable Court earlier regarding this matter. This is a copy.



**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF LOUISIANA
OFFICE OF THE CLERK

Michael L. McConnell  Telephone: 225-389-3500
Clerk of Court  Facsimile: 225-389-3501

March 28, 2019

Jimmy Woodrow Magee #506356
Dixon Correctional Institute
Unit 1 Dorm F
P.O. Box 788
Jackson, LA 70748-0788

RE: **Document Submitted to the Incorrect Court**

## NOTICE

The Clerk of Court has received your documents through the U. S. Mail on **March 27, 2019.**

A review of the record indicates this action has been transferred to the United States District Court for the Eastern District of Louisiana.

Therefore, the documents are returned to you for filing in the proper court.

Sincerely,
Michael L. McConnell
Clerk of Court

Enclosure(s): Petition for Enforcement Order

APRIL 1, 2019

RE: JIMMY WOODROW MAGEE v WARDEN KENT et al

Dear Clerk,

I, JIMMY W. Magee #506356, am in need of your assistance. Sir, on the 19th day of March, 2019, I submitted a letter to this Honorable Court explaining problems I was having getting copies of the original petition and exhibits made to send the original petition and exhibits to this Honorable Court and one (1) copy to the District Attorney, 22nd JUDICIAL DISTRICT COURT.

March 20, 2019, at approximately 9:00 A.M. I was called to Classification Officer Cavalier's Office at Unit 1. We were discussing having the copies made. I am indigent. There are seven hundred and forty-five (745) pages that need copying. Classification Officer Cavalier stated to me," Warden Bickham and Ivy Miller said that I would have to have a court order to have the copies made. Having that many pages will tear up the copy machine."

I request that you submit this writ into this Honorable Court. In advance, I thank you for your time and assistance involved in this very important matter.

Respectfully submitted,
Jimmy W. Magee
JIMMY W. MAGEE #506356
DIXON CORRECTIONAL INSTITUTE
UNIT 2 DORM 1
P.O. Box 788
JACKSON, LA 70748-0788

TENDERED FOR FILING

APR 04 2019

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

P.S.: Please see the letter and enclosed petition from the Middle District Court that has to be filed in your Honorable Court.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

April 8, 2019

TO:  Jimmy Woodrow Magee, #506356
     Dixon Correctional Institute
     Unit 2 Dorm 1
     P.O. Box 788
     Jackson, LA  70748-0788

SUBJECT:  Correspondence

Your correspondence received by this court is being returned as noted below:

__X__  1.  The Clerk's Office is unable to provide you with the information you are requesting.
           **Therefore, your document is being returned to you.**

_____  2.  The Court is unable to act on the subject matter of your letter except in the context of a formal lawsuit.
           **Therefore, your document is being returned to you.**

_____  3.  The Clerk's Office is unable to provide legal advice to individuals on how to proceed with a lawsuit.
           **Therefore, your document is being returned to you.**

__X__  4.  The records of this Court do not show that there is any pending case related to you at this time in which to file a motion.
           **Therefore, your document is being returned to you.**

__X__  5.  Your request appears intended for a different court/agency.
           **Therefore, your document is being returned to you.**

_____  6.  You should not correspond directly with the Magistrate Judge or District Judge about your lawsuit. All pleadings and correspondence should be addressed to the Clerk of Court.
           **Therefore, your document is being returned to you. You must adhere to this rule in any future filings.**

_____  7.  All pleadings and other papers filed must be on 8½" x 11" paper, double spaced, and legibly handwritten or typed. If the document consists of more than two (2) pages, each page of the document must bear a sequential number, beginning with "2" for the second page. Standard font must be used. The Court may refuse to consider text presented in less than standard font, such as small or fine typeface. All margins must be no less on 1". No print or writing may appear in the margins. See Local Rule 10.1.
           **You must adhere to this rule in any future filings.**

     21.    Consent or ex parte motions, which need not be noticed for submission, shall be accompanied by a proposed order. See Local Rule 7.3.
**Please provide the proposed order and return the document within 21 calendar days of the date of this letter.**

     22.    Once an answer has been filed, a complaint may not be amended or supplemented without permission of the Court. See Local Rule 7.6.
**Please provide the motion for leave to amend or supplement the complaint and return the document within 21 calendar days of the date of this letter.**

     23.    Discovery requests and responses thereto must not be filed until they are used in a proceeding before the Court or until the Court grants an order allowing the filing of the document. Federal Rule of Civil Procedure 5(d).
**Therefore, your document is being returned to you.**

     24.    28 U.S.C. § 1654 precludes a corporation from appearing through a lay person. A corporation must be represented by an attorney qualified to practice before this Court.
**Therefore, your document is being returned to you.**

     25.    The record of this matter reflects you are represented by counsel. All pleadings regarding this case must be filed through your counsel of record. All future inquires and correspondence regarding this case should be directed to your attorney of record.
**You must adhere to this rule in any future filings.**



  X 26.    **If you are seeking copy of documents related to a matter in this court, you must submit written request providing adequate information identifying a matter in this court.**

The Clerk's office is unable to provide you with free copies without an order of the Court. Copies are available at the cost of 50 cents per page. The copies which you requested consist of Click here to enter text. pages, therefore, the cost of the copies you requested is Click here to enter text..
**You must remit payment before copies can be provided.**

     27.    This office is unable to provide transcripts to individuals free of cost unless so ordered by the Court. You may contact the court reporter at the address listed below to make the necessary financial arrangements.

  X 28.    **OTHER:** **If you are seeking copy of document in a different court or agency you must direct your request to that agency or court.**

If you have been instructed to provide additional information, please act immediately, and provide the required documents within the time frame indicated above; otherwise, a judicial officer will be notified of your failure to comply.

WILLIAM W. BLEVINS
CLERK OF COURT

By: *[signature]*

Deputy Clerk

Respond to:
Clerk, U.S. District Court
500 Poydras Street
Room C-151
New Orleans, LA 70130

Rev. 7/21/14

JIMMY W. MAGEE #506356
DIXON CORRECTIONAL INSTITUTE
UNIT 2 DORM 1
P.O. BOX 788
JACKSON, LA 70748-0788

"LEGAL MAIL"

CLERK OF COURT: EASTERN DISTRICT OF LA
500 POYDRAS STREET ROOM C-151
NEW ORLEANS, LA 70130

"LEGAL MAIL"

neopost 04/12/2019 FIRST-CLASS MAIL $001.75
ZIP 70748 041M11255243

Baton Rouge P&DC 708
FRI 12 APR 2019 PM

NOT CENSORED
NOT RESPONSIBLE
FOR CONTENTS

APR 12 2019

DIXON CORRECTIONAL
INSTITUTE
ALL MALE PRISON

Essie L.